## Kent v. Kent

*Gerald I. Roth*, for plaintiff.

WIEAND, J., November 16, 1965.—This is an action for divorce, in which a hearing was held before the master and examiner on August 19, 1965. Prior to the hearing, there had been filed of record no proof that notice of the hearing had been served upon defendant, and no evidence thereof was offered to the master at the time of hearing. On the following day, however,

the attorney for plaintiff executed and either filed or delivered to the master an affidavit reciting that a master's notice had been sent to defendant by certified mail, return receipt requested, at his residence located at 527½ Ninth Street, N. E., Washington, D. C. This return receipt bears the date August 19, 1965.

No detailed discussion is required to point out the inadequacy of a notice of hearing given to a nonresident defendant on the same day as the scheduled hearing. If there be any doubt, it can be quickly dispelled by referring to Lehigh County Rule of Court 1133 (c) - (1) which requires that 10 days' notice of the time and place of the hearing shall be served on defendant in the same manner as the complaint was served.

Of necessity, therefore, the proceeding must be referred back to the master so that defendant can be given an opportunity, after proper notice, to present a defense to the charges brought against him. If he should then choose to interpose no defense, it will not be necessary that plaintiff's evidence be re-presented, but the master may cause the original transcript to be resubmitted with his recommendations to the court.

Because the proceedings must in any event be returned to the master, we direct the attention of plaintiff's counsel in particular and the members of the bar in general to that portion of Pennsylvania Rule of Civil Procedure 1124(a) (3) (b), which, after permitting service of a complaint in divorce to be made under certain circumstances upon a nonresident defendant by registered mail, provides:

"Service by mail is not valid if the return receipt is not signed by him personally".

By way of further amplification, we quote from 1 Goodrich-Amram, §1124 (a) -12, as follows:

"Rule 1124 (a) (3) (b), which permits service on a defendant outside of the Commonwealth to be made by sending him a copy of the complaint by registered mail,

requires the return receipt to be signed by the defendant personally. This means that service by registered mail should not be attempted unless the plaintiff or another witness can and will identify the defendant's signature on the return receipt. Ordinarily, the plaintiff will be able to identify positively the spouse's signature. If the return receipt bears the defendant's signature, plaintiff should make certain to identify it as the defendant's signature at the hearing before the Master or the Court. Otherwise, the entire proceeding may be invalidated for want of proper service upon the defendant".

In the instant action, if the signatures appearing on the several return receipts are those of defendant, they should be identified as such. If the return receipts were not signed by defendant personally, service is defective. In either event, it is necessary that the master make an appropriate finding.

## ORDER

And now, November 16, 1965, the above-captioned action in divorce is referred back to the master for the purpose of taking additional testimony at a hearing to be held after proper notice to the parties and the making of additional findings of fact and conclusions of law in accordance with the foregoing opinion.